UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| VICKY L. JOHNSON, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 5: 16-250-DCR |
| ) | |
| V. ) | |
| ) | |
| NANCY A. BERRYHILL, Acting ) | **MEMORANDUM OPINION** |
| Commissioner of Social Security[1], ) | **AND ORDER** |
| ) | |
| Defendant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of cross-motions for summary judgment filed by Plaintiff Vicky L. Johnson ("Johnson") [Record No. 12] and Nancy A. Berryhill, Acting Commissioner of Social Security ("the Commissioner"). [Record No. 14] Having reviewed the record, and for the reasons that follow, the Commissioner's motion will be granted. Conversely, the relief sought by Johnson will be denied.

**I.**

Johnson applied for supplemental security income and a period of disability and disability insurance benefits in February 2013, alleging an onset disability date of December 31, 2008.[2] [Tr. 180] After being denied benefits initially and upon reconsideration, Johnson

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security, and is substituted as the defendant in this action pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

[2] Johnson withdrew her disability claim and amended the onset date of disability to the date of her application, in February 2013. [Tr. 85] As a result, the ALJ only considered her claim for supplemental security income. There is some inconsistency between the ALJ's

-1-

requested an administrative hearing. [Tr. 11, 102-09, 112-26] Thereafter, Administrative Law Judge ("ALJ") Bonnie Kittinger issued a written opinion concluding that Johnson was not disabled under the Social Security Act ("Act"). [Tr. 94] Johnson subsequent request for review by the Appeals Council was denied. [Tr. 1] She has now exhausted her administrative remedies and this case is ripe for this Court's review pursuant to 42 U.S.C. § 1383(c).

On the forms completed in connection with her application for benefits, Johnson listed having worked: 40 hours per week as a dispatcher for a trucking company from 1993 to 1995; 40 hours per week in "light industrial, ran machines," through "temp services" from 1996 to 1999; 40 hours per week doing "factory work inspection" for temp services; and 15 hours per week as a cashier for Gold Star Chili. [Tr. 213]  For one position, Johnson identified her job title as "secretary".  She reported working as a secretary for a fencing business for 40 hours per week at $10/hour from 2004 to May of 2008. [Tr. 213] Likewise, in another form Johnson identified working for 40 hours per week at $10/hour for a fencing business from January 2004 to January 2008, listing her job title as "Secretary." [Tr. 242]  She described this position in more detail on this form, stating that she "answered [the] phone, took messages, faxed job bids, insurance forms, [and] cleaned [the] office." [Tr. 243]  Johnson also confirmed that she engaged in "writing, complete[d] reports," or performed similar duties. [*Id.*] She then reported lifting and carrying "papers . . . to [the] file cabinet, fax machine[,] copier," but asserted having lifted no more than 10 pounds. [*Id.*]  For 2004, Johnson identified earnings of $7,263.00 from self-employment. [Tr. 200]  However, for 2005, 2006, 2007, and 2008, she listed no earnings.

---

decision and the record regarding the specific onset date, but the record is consistent that the date is in February 2013.

Johnson was 60 years of age at the time of the administrative hearing. [Tr. 16] Additionally, she has a high school education and completed one year of college where she studied criminal justice. [*Id*.] Johnson claims she became unable to work due to pain in her hip, back, and leg that caused discomfort while sitting or standing for extended periods. [Tr. 20] At the beginning of the administrative hearing, Johnson's attorney confirmed that he had reviewed the record and had no objections. [Tr. 14] The ALJ then asked whether the record was complete. Counsel replied that he had requested the records of a new primary care physician, but did not indicate any other concerns. [Tr. 14]

Johnson testified that her last job was with Goldstar Chili, but that she had been let go because she "wasn't catching on to the register" and she "didn't move as fast as they wanted [her] to." [Tr. 19] Prior to this position, she worked for a fencing business. [Tr. 20] The ALJ and Johnson had the following exchange regarding Johnson's work for the fencing business:

> Q: Were you a secretary?
>
> A: Yes. I was the, well, secretary and kind of runner for parts and things like that.
>
> Q: Okay. And what was the heaviest thing you lifted on that job?
>
> A: I would say probably 20, 30 pounds.
>
> Q: What would have weighed 20 or 30 pounds?
>
> A: You know, a part, like a tractor part, a tire part, inch parts.

[Tr. 20-21]

In response to questioning by her attorney, Johnson testified that Gold Star Chili had terminated her employment because she was not able to operate the register quickly enough. [Tr. 26] According to Johnson, it was not like a regular register, so she required assistance.

[*Id.*] Her attorney then questioned her about working as a secretary. According to Johnson, she was unable to return to that work because it required prolonged periods of sitting and she no longer had the tolerance to deal with others. [Tr. 26-27]

The ALJ's questions to the Vocational Expert ("VE") focused on Johnson's past secretarial work. [Tr. 30] The VE testified that this work is classified as sedentary work and skilled (SVP 6). "And based on Ms. Johnson's testimony of lifting 20 to 30 pounds, it is in the medium work category, at least at times, because of the extra duties that she defined at that job." [*Id.*] The ALJ then asked the VE to assume a "hypothetical individual of the claimant's age, education, and previous work experience," with certain physical limitations, and questioned whether that person would be able to perform Johnson's past work. [Tr. 30-31] The VE replied that, "[t]he secretary work could be performed as the DOT describes it, but not as Ms. Johnson actually did it." [Tr. 31] The VE then described transferable skills from a secretary position, including "phone skills, computer skills, record keeping, report writing, and filing." [Tr. 31] In response to questioning from Johnson's counsel concerning the ALJ's hypothetical, the VE indicated that the claimant would not be able to perform her past work is Johnson if she were required to have "only occasional contact with the public, and only casual and infrequent contact with other coworkers and supervisors". [Tr. 33]

The ALJ determined that Johnson had severe impairments of chronic obstructive pulmonary disease ("COPD") and degenerative disc disease. [Tr. 88] However, she concluded that Johnson did not have an impairment or combination of impairments that met or medically equaled a listed impairment. [Tr. 89] Based on the entire record, the ALJ found that Johnson had the residual functioning capacity ("RFC") to perform less than the full range of light work

with various physical limitations such as the weight that she could lift and the amount of time she could spend sitting and standing. [*Id.*]

Regarding Johnson's past work, the ALJ noted that she had been released from Gold Star Chili because she was "too slow and did not catch on to the register." [Tr. 90] The ALJ then observed that Johnson quit full-time work in 2008, but had previously worked as a secretary for a fencing company. Johnson reported she was a runner for parts and had to lift up to 30 pounds. [*Id.*] After making the RFC determination, the ALJ concluded that Johnson was "capable of performing past relevant work as a secretary, as the job is generally performed, . . . sedentary, skilled, SVP 6." [Tr. 93] Accordingly, the ALJ then determined that Johnson had not been disabled from the alleged onset date through the date of her decision. [Tr. 94]

## II.

Under the Act, a "disability" is defined as "the inability to engage in 'substantial gainful activity' because of a medically determinable physical or mental impairment of at least one year's expected duration." *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 539 (6th Cir. 2007) (citation omitted). A claimant's Social Security disability determination is made by an ALJ in accordance with "a five-step 'sequential evaluation process.'" *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 642 (6th Cir. 2006) (en banc) (citation omitted). If the claimant satisfies the requirements of the first four steps of the process, the burden shifts to the Commissioner with respect to the fifth step. *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003).

A claimant must first demonstrate that she is not engaged in substantial gainful employment at the time of the disability application. 20 C.F.R. § 416.920(b). Second, the claimant must show that she suffers from a severe impairment or a combination of impairments. 20 C.F.R. § 416.920(c). Third, if the claimant is not engaged in substantial

gainful employment and has a severe impairment that is expected to last for at least twelve months and that meets or equals a listed impairment, she will be considered disabled without regard to age, education, and work experience.  20 C.F.R. § 416.920(d).  Fourth, if the claimant has a severe impairment but the Commissioner cannot make a determination of the disability based on medical evaluations and current work activity, the Commissioner will review the claimant's RFC and relevant past work to determine whether she can perform her past work.  If she can, she is not disabled.  20 C.F.R. § 416.920(f).

Under the fifth step of the analysis, if the claimant's impairments prevent her from doing past work, the Commissioner will consider her RFC, age, education, and past work experience to determine whether she can perform other work.  If she cannot perform other work, the Commissioner will find the claimant disabled.  20 C.F.R. § 416.920(g).  "The Commissioner has the burden of proof only on 'the fifth step, proving that there is work available in the economy that the claimant can perform.'"  *White v. Comm'r of Soc. Sec.*, 312 F. App'x 779, 785 (6th Cir. 2009) (quoting *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999)).

This Court's review is limited to determining whether the ALJ's findings are supported by substantial evidence and whether the ALJ employed the proper legal standards in reaching her decision.  *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).  Substantial evidence is such relevant evidence as reasonable minds might accept as sufficient to support the conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007).  The Commissioner's findings are conclusive if they are supported by substantial evidence.  42 U.S.C. § 405(g).

**III.**

Johnson first argues that the ALJ incorrectly determined that she previously was employed as a secretary for a fencing business. According to Johnson, this finding is not supported by substantial evidence. Johnson argues that she had been a parts runner rather than a secretary and that the record does not support a finding that her work for the fencing business qualifies as that of a secretary.

Johnson acknowledges that her filings with the Social Security Administration confirm that she answered the telephone, took messages, and faxed documents. However, she argues that the record does not support a finding that she performed traditional secretarial tasks such as working with computers and preparing reports. Additionally, Johnson contends that her inability to operate a restaurant cash register supports her contention that she never developed secretarial skills.

In *Wright-Hines v. Comm'r of Soc. Sec.*, 597 F.3d 392 (6th Cir. 2010), the Social Security Administration Explanation of Decision stated that the claimant had "performed the job of cashier for 3 month(s)" and the Vocational Assessment from the Tennessee Department of Human Services listed "cashier" as a "past relevant occupation." However, the claimant argued that there was insufficient evidence to support the ALJ's determination of past relevant work as a cashier. *Id.* at 396. The Sixth Circuit disagreed with the claimant's position. It determined that the claimant "should have been aware of the record's indication of her past relevant work as a cashier, and it was her burden to rebut that conclusion in order to prevail before the ALJ." *Id.* However, the claimant never introduced any evidence to the contrary and did not mention this point until her objection to the Magistrate Judge's Report and Recommendation, well after the ALJ's decision. *Id.* Thus, "[t]he ALJ therefore was presented

with uncontradicted evidence that [the claimant] had past relevant work as a cashier" and his decision was supported by substantial evidence. *Id.*

In the present case, substantial evidence supports the ALJ's conclusion that Johnson had past relevant work as a secretary. Johnson described herself as a secretary in two separate filings made in connection with her application for benefits. In both documents, she reported having worked full-time as a secretary from 2004 to 2008. [Tr. 213, 242] In one document, she described her responsibilities as: "answered [the] phone, took messages, faxed job bids, insurance forms, cleaned office." [Tr. 243] Likewise, she confirmed that the position involved "writing, complet[ing] reports," or similar responsibilities. [*Id.*]

Like the claimant in *Wright-Hines*, Johnson should have been aware that the record contained evidence that she had previously been a secretary. It was her burden to introduce evidence to contradict that description and demonstrate its inaccuracy. Johnson never supplemented the record to elaborate on the nature of her employment at the fencing business or demonstrate that she had not developed the skills associated with secretarial work. At the beginning of the administrative hearing, her attorney confirmed that the record was complete. [Tr. 14] Additionally, the ALJ directly asked Johnson whether she had been a secretary, and she responded in the affirmative. [Tr. 20] While Johnson added that she had *also* been a parts runner, she did not dispute that she had been employed as a secretary. [*Id.*] If "secretary" had not been the proper label of her position, Johnson should have disputed the title and attendant responsibilities during the administrative hearing.

Additionally, after the ALJ completed her direct questioning of Johnson, Johnson's attorney was given an opportunity to clarify the claimant's position and duties. He asked, "[w]hat do you think would keep you from going back to your past work as a secretary?" [Tr.

-8-

26-27] Johnson responded that she could not sit for prolonged periods of time and could not deal with others. [Tr. 27] She did not deny having been a secretary and she did not claim to lack the skills associated with the position. Similarly, after the VE testified regarding Johnson's ability to perform secretarial work as that position is generally defined, Johnson's attorney questioned the VE regarding whether Johnson "could [] go back to her job as a secretary[.]" [Tr. 32] He then altered the hypothetical that the ALJ had given, but not to adjust for Johnson's now-alleged lack of ability in computer-related tasks. Instead, counsel questioned Johnson's ability to perform secretarial tasks in light of her alleged inability to interact with the public.

Johnson did not allege that she had not performed secretarial work for the fencing company until after the ALJ had already reached her decision. [Tr. 266; Plaintiff's Brief p. 6] As in *Wright-Hines*, the ALJ was presented with uncontradicted evidence, which Johnson provided.[3] Indeed, Johnson and her attorney consistently referred to her past work as that of a secretary. It is not reasonable for Johnson to now argue that the ALJ erred in concluding that she had been a secretary when Johnson and her attorney consistently referred to her as a secretary and gave no indication that this characterization was inaccurate. This challenge to the ALJ's decision fails.

In her second related assertion of error, Johnson argues that the ALJ's determination that she had past relevant work as a secretary was not supported by substantial evidence. According to Johnson, the record is devoid of any evidence demonstrating that her work at the

---

[3] While Johnson's testimony that she was released from a fast food restaurant because she was unable to operate the register suggests that she may not possess the computer skills associated with secretarial work, it does not directly contradict her own description of her past employment position as "secretary".

fencing business was "substantial gainful activity" or that she performed it long enough to learn the job of secretary. She references the Social Security Administration's earning records, which indicate earnings of $7,263 in 2004, but nothing from 2005 to 2008.

The Court's inquiry on this issue is limited to determining whether there is substantial evidence to support the ALJ's finding. This standard is met "if a reasonable mind might accept the relevant evidence as adequate to support a conclusion." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005) (citations omitted). The reviewing court man not try the issue *de novo*, resolve conflicts in the evidence, or decide questions of credibility. *See Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 713 (6th Cir. 2012). "If the ALJ's decision is supported by substantial evidence, then reversal would not be warranted even if substantial evidence would support the opposite conclusion." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007).

"Past relevant work" includes work that the claimant has done "within the past 15 years, that was substantial gainful activity, and that lasted long enough for [the claimant] to learn to do it." 20 C.F.R. § 416.960(b)(1). Substantial gainful activity requires "work activity that involves doing significant physical or mental activities," and "work may be substantial even if it is done on a part-time basis . . . ." 20 C.F.R. § 416.972(a). "Gainful work activity is work activity that [the claimant does] for pay or profit. Work activity is gainful if it is the kind of work usually done for pay or profit, whether or not a profit is realized." 20 C.F.R. § 416.972(b).

There is substantial evidence to support the ALJ's finding that Johnson was capable of "performing past relevant work as a secretary, as the job is generally performed . . . ." [Tr. 93] Johnson personally reported that she had worked 40 hours per week as a secretary from 2004 to 2008 and that her position involved answering phones, taking messages, filing, completing

reports, and using the fax machine and copier.  [Tr. 213, 242-43]  Johnson thus identified work activity as a secretary, which is work that is typically done for a profit.  Further, she reported that she had engaged in that work for over four years, which is long enough for her to have learned how to perform that position.[4]  The evidence also demonstrates that Johnson had completed high school and some college, which suggests an ability to perform past work as a secretary.  [Tr. 16]

The evidence of record could indicate that Johnson did not work as a secretary long enough to learn the position (i.e., her earnings report and her having been released from a subsequent position due to an inability to operate the register).  This evidence is not conclusive, however.  Johnson may have worked full-time from 2004-08, but failed to report her earnings.  Likewise, the fact that Johnson was unable to operate a register does not necessarily mean that she could not operate a computer.  Regardless, this Court is not permitted to re-weigh the evidence in light of the standard of review applicable here.  Even if there is evidence that would tend to support an opposite conclusion, the ALJ's decision must be upheld where there is substantial evidence to support it.  *See Bass*, 499 F.3d at 509.

Johnson reported working full-time as a secretary for over three years and performing secretarial tasks in this position, and she reported earnings from this position.  This is substantial evidence to support the ALJ's conclusion that she had past relevant work as a secretary and that she performed it long enough to learn the position.[5]  Further, as previously

---

[4]     Secretary work has a specific vocational preparation (SVP) of 6, which means that the position takes over one year and up to and including two years to learn.  Specific Vocational Preparation, SCODICOT Appendix B.

[5]     Additionally, the regulations do not require the claimant to have worked at a position full-time, or to have actually made a profit in the position.  Instead, they require work activity,

discussed, if Johnson did not in fact work as a secretary, or did not do so for a sufficient amount of time to develop the skills associated with the position, it was her burden to introduce evidence to that effect. *See Wright-Hines*, 597 F.3d at 396. Despite ample opportunity to present such evidence, she failed to correct her own characterization of her employment or correct statements regarding the type of work that she had performed in this position. If Johnson did not believe that she had legitimately worked in a secretarial capacity, or that she did not possess the skills needed to perform secretarial work, it was her burden to raise this issue before the ALJ. It is not reasonable for Johnson to now argue that the ALJ should have disregarded her own description of her past work.

**IV.**

For the reasons outlined above, it is hereby

**ORDERED** as follows:

1. The Commissioner's Motion for Summary Judgment [Record No. 14] is **GRANTED**.

2. The Plaintiff's Motion for Summary Judgment [Record No. 12] is **DENIED**.

This 7th day of March, 2017.



Signed By:
*Danny C. Reeves* DCR
United States District Judge

---

and they require that the work activity be of the type that is usually performed for profit. Secretarial work is the type of work that is usually performed for a profit, so it is irrelevant whether she worked full-time or actually made a profit.